# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNYLVANIA

| | |
|---|---|
| LEIGH PUGLIANO, an individual, | ) |
| Plaintiff, | ) Civil Action No. 2:11-cv-01562 |
| v. | ) Judge Mark R. Hornak |
| GRACE HOLMES, INC. d/b/a J. Crew, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is Plaintiff's Uncontested Motion to Seal Record. (ECF No. 25) This is a Title VII case, 42 U.S.C. § 2000e et seq., in which Plaintiff claims that she was discharged from employment under circumstances which she alleged supported the conclusion that such dismissal was based on her gender, pregnancy and race. Defendant answered (ECF No. 22), alleging that it had good cause and legitimate and lawful business reasons for its actions. Each such pleading was filed by counsel subject to the obligations for good faith pre-filing investigation of the applicable facts and law found in Fed. R. Civ. P. 11.

Shortly after the initial case management conference, the parties proceeded to alternative dispute resolution ("ADR") as mandated by this Court's Local Rules. (ECF No. 24) The parties apparently resolved their differences and stipulated to the dismissal of this action. (ECF No. 27)

Plaintiff, without objection from Defendant, now seeks an Order of this Court sealing "the record," presumably the entire record,[1] in this Court. Plaintiff asserts that because she is in the profession of retail management, and because the Court record as it exists contains only allegations, its continued availability to the public could have a negative impact to her professionally without any corresponding public benefit flowing from public access to it. (ECF No. 26)

This Court recently summarized the applicable legal standard to be applied as follows:

> A party seeking the closure of a hearing or the sealing of part of the judicial record "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001), citing *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) and *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption. *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). In order to meet this burden, the party seeking closure must provide specificity when delineating the injury to be prevented. *See Publicker*, 733 F.2d at 1071. Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient. *In re Cendant Corp.*, 260 F.3d at 194.

---

[1] While not binding as a matter of law, by Policy Statement, the Judicial Conference of the United States has emphasized the very limited circumstances in which an entire case record should be sealed:

**Judicial Conference Policy on Sealed Cases**

An entire civil case file should only be sealed when consistent with the following criteria:

a. Sealing the entire civil case file is required by statute or rule or justified by a showing of extraordinary circumstances and the absence of a narrower feasible and effective alternatives (such as sealing discrete documents or redacting information), so that sealing an entire case file is a last resort;

b. A judge makes or promptly reviews the decision to seal a civil case;

c. Any order sealing a civil case contains findings justifying the sealing of the entire case, unless the case is required to be sealed by statute or rule; and

d. The seal is lifted when the reason for sealing has ended.

Policy on Sealed Cases, The Judicial Conference of the United States, September 13, 2011.

*West Penn Allegheny Health System, Inc. v. UPMC*, Civ. 2:09-cv-0480, 2012 WL 512681, at \*4 (W.D. Pa. Feb. 14, 2012) (filed on the Court's CM/ECF system on Dec. 29, 2011).

The creditability of our system of justice is predicated on the openness of its processes and proceedings, and our Court of Appeals has affirmed that there exists a common law right of public access to judicial proceedings and records. *Littlejohn v. BIC Corporation*, 851 F.2d 673, 677-78 (3d Cir. 1988). This right of access includes the right "to inspect and copy public records and documents, including judicial records." *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 161 (3d Cir.1993).

Judicial records are subject to this common law presumption of public access, *In re Cendant Corp.*, 260 F.3d at 192, and a document is a "judicial record" if it is "filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780-83 (3d Cir. 1994)). The common law right to access is "not absolute." *Id.* (citing *Littlejohn*, 851 F.2d at 678; *Leucadia*, 998 F.2d at 165; and *Publicker*, 733 F.2d at 1070). The presumption of public access may be rebutted. *Id.* (citing *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)). A party seeking to seal a court record must demonstrate that "good cause" exists for such an order. *Pansy*, 23 F.3d at 786. Good cause is established by showing that disclosure will work a clearly defined and established injury to the party seeking closure. *Id.* (citing *Publicker*, 733 F.2d at 1071).[2]

The Third Circuit has identified a number of factors district courts may consider in evaluating whether "good cause" exists, including:

---

[2] Although this Motion is unopposed, given these legal principles, coupled with the Judicial Conference's Policy Statement on the topic, the Court must nonetheless independently examine the articulated basis for a Motion to Seal.

1) whether disclosure [would] violate any privacy interests;

2) whether the information [was] being sought for a legitimate purpose or for an improper purpose;

3) whether disclosure of the information [would] cause a party embarrassment;

4) whether confidentiality [was] being sought over information important to public health and safety;

5) whether the sharing of information among litigants [would] promote fairness and efficiency;

6) whether a party benefitting from the order of confidentiality [was] a public entity or official; and

7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (citing *Pansy*, 23 F.3d at 787–91).

The district courts are charged with balancing the private and public interests involved when determining whether documents should be sealed:

> Discretion should be left with the court to evaluate the competing considerations in light of the facts of individual cases. By focusing on the particular circumstances in the cases before them, courts are in the best position to prevent both the overly broad use of [confidentiality] orders and the unnecessary denial of confidentiality for information that deserves it. . . .

*Glenmede*, 56 F.3d at 483 (citations omitted).

The Plaintiff's Motion falls short of setting forth specific facts coupled with allegations of specific articulated harm – either real and current or future and reasonably certain – that would allow this Court to conclude that the public interest in full access to the work of this Court is substantially outweighed by Plaintiff's private interest in barring continued public access. For instance, there is no allegation that the publicly-filed documents reflect (1) confidential business information, (2) personal identifiers, (3) the terms of a confidential settlement agreement or

4

ongoing settlement discussions, (4) medical or psychological treatment or diagnosis information, (5) trade secrets, (6) matters involving a minor, (7) allegations regarding the conduct or interests of third parties, (8) government or other recognized secrets, (9) matters to be sealed by statutory directive, e.g. 15 U.S.C. § 1116(d) (certain trademark proceedings) or False Claims Act cases, 31 U.S.C. § 3730(b), (10) protectable juror identities, (11) allegations of sexual assault or abuse, (12) extradition proceedings, (13) certain forfeiture/seizure proceedings, or any of the other civil matters commonly the subject of an order properly entered, upon good cause, for the sealing of a specific court document. Instead, it appears that the Plaintiff seeks a blanket order sealing public access to the thirty-one (31) docketed entries in this action, filed over a period of six (6) months.[3]

Whatever concern there may be for a generalized fear of harm stemming from a member of the public having continued access to the Court's records, it must be noted that such concerns would seemingly be no more aggravated or robust now than they would have been at the institution of this litigation. The very bases by which the judicial power of the United States has been invoked to adjudicate a dispute may not be blocked from public view once a judicial forum is no longer needed, absent a specific showing of a compelling need to do so. To this point, there has not been the requisite demonstration of likely injury from continued public access that is both clearly defined and serious.

While it is true that this action involves only private parties and was resolved relatively early in the process, and that the pleadings contain only allegations, it must be remembered that all such allegations were presumably made in good faith by experienced and knowledgeable legal counsel well aware of their obligations under Rule 11. Further, Title VII of the Civil

---

[3] The sealing of the record in civil cases (and the frequency of and reasons for sealing) has been recently examined by the Federal Judicial Center at the request of the Judicial Conference's Standing Committee on Rules of Practice and Procedure. See T. Reagan & G. Cort, Sealed Cases in Federal Courts, Federal Judicial Center, October 23, 2009.

5

Rights Act of 1964, under which this action was brought, represents a vital legislative affirmation of the concept that employment decisions should be based not on race or gender, but only on otherwise legitimate business concerns. The parties in their pleadings each vigorously asserted their positions as to the lawfulness of the employment actions in this case. That there was not a final judicial determination of the relative validity of those claims or defenses does not diminish the public interest in the visibility of the processes by which the important principles underlying Title VII are asserted and then resolved.[4]

Such public interests, as noted above, are neither conclusive nor preclusive, and it is possible that specific facts may cause the private interests sought to be asserted by Plaintiff to outweigh the public interest inherent in access to the work of the federal courts. To date, such facts have not been brought to the attention of the Court. Therefore, the Plaintiff's Motion to Seal Record will be denied, but without prejudice to its reassertion if Plaintiff is able to marshal and present more definite facts and the basis for a finding of specific established harm from continued public access.

An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: May 22, 2012

cc: All Counsel of Record

---

[4] Also, there do not appear to be any specific privacy interests at stake here nor any specific basis from which to conclude that the disclosure of the record documents will cause embarrassment to any party, beyond those inherent in any civil action.